**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mardian Equipment Company, an Arizona limited partnership,      Plaintiff, vs. St. Paul Insurance Company,      Defendant. | No. CV-05-2729-PHX-DGC<br><br>**ORDER** |

Plaintiff Mardian Equipment Company ("Mardian") seeks to disqualify Defendant's counsel, Snell & Wilmer, from continuing to represent Defendant in this case. Doc. #24. Mardian claims that Snell & Wilmer should be disqualified under ERs 1.9, 1.10, and 1.13 of the Arizona Rules of Professional Conduct because the firm previously represented a sister corporation of Mardian, Marco Crane & Rigging Company ("Marco"), and had attorney-client dealings with the principal of both companies, Dan Mardian, Jr. Defendant St. Paul Fire & Marine Insurance Company ("St. Paul") opposes Mardian's effort to disqualify St. Paul's counsel. Doc. #26.

The Preamble to the Arizona Rules of Professional Conduct cautions that a violation of an ethical rule "does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation," and warns that "the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons." Pmbl. ¶ 20, Ariz. R. Prof'l Conduct. The burden is on the party seeking to disqualify opposing counsel to demonstrate that disqualification is necessary. *Amparano v. Asarco, Inc.*, 93 P.3d

1086 ¶ 24 (Ariz. Ct. App. 2004); *Alexander v. Superior Court*, 865 P.2d 1309, 1313 (Ariz. 1984).

Snell & Wilmer represented Marco and its then-controlling owner, Dan Mardian, Sr., in the 1950s, 1960s, and 1970s. In 1989, Snell & Wilmer represented Marco in a contractual dispute arising out of the lease of a crane. During this representation, Snell & Wilmer worked with Dan Mardian, Jr. and acquired information concerning Marco's business practices. In 2004, Snell & Wilmer represented Marco in defending against a citation from the Arizona Division of Occupational Safety and Health and again worked with Dan Mardian, Jr. and discussed with him Marco's business practices. Mardian alleges that Snell & Wilmer acquired familiarity with Dan Mardian Jr.'s and Marco's business practices, system of contracting, and personality traits, behavior, and "hot buttons." Because Mardian is a closely-related sister corporation also controlled by Dan Mardian, Jr., and engages in a similar business, Mardian argues that Snell & Wilmer effectively acquired the same information about Mardian.

St. Paul argues that Snell & Wilmer has never represented Mardian, that Mardian is a separate corporation with a separate legal existence, and that Mardian therefore is not a "former client" under ER 1.9. The Court need not resolve this issue. Even if it is assumed that Mardian is a former client of Snell & Wilmer, the Court concludes that this case is not "substantially related" to the former matters under Arizona law.

For two matters to be "substantially related" within the meaning of ER 1.9, there must be more than general similarity. The Arizona Court of Appeals has explained that "'[s]ome factual nexus must exist between the two matters; *i.e.*, the matters *themselves* must be substantially interrelated.'" *Amparano,* 93 P.3d at ¶ 28 (quoting Ariz. State Bar. Comm. on Rules of Prof'l Conduct Ethics Op. 94-06) (emphasis in original). Mardian does not contend that this specific case is factually related to matters previously handled by Snell & Wilmer. Rather, Mardian argues that the knowledge acquired by Snell & Wilmer of Mardian's business practices provides a sufficient factual nexus. As seen above, however, Arizona courts require that the matters themselves be factually related.

1   This interpretation of ER 1.9 is made clear by Ethical Opinion 94-06, issued by the
2   Arizona State Bar Committee on Rules of Professional Conduct and cited favorably in
3   *Amparano*:

> Lawyer A properly may represent clients against Former Client – even if the matter is precisely the type he previously defended for Former Client – provided that the matter has no substantial factual relationship to any matters he handled with Former Client. That Former Client still has substantially the same business methods, products and personnel as when Lawyer A represented Former Client is insufficient to create a conflict of interest.

Ethical Op. 94-06 at 4.

Mardian provides only generalized assertions of the knowledge acquired by Snell & Wilmer. Mardian identifies no substantial factual connection between this case and the matters previously handled by the firm. Vague assertions and generalized affidavits are not sufficient to disqualify opposing counsel. *Amparano*, 93 P.3d at ¶ 26. The Court concludes that Mardian has not carried its burden of demonstrating that opposing counsel should be disqualified under the applicable ethical rules.

**IT IS ORDERED** that Plaintiff's Motion to Disqualify Counsel (Doc. #24) is **denied**.

DATED this 28th day of March, 2006.

_____
David G. Campbell
United States District Judge