**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mardian Equipment Company, an Arizona limited partnership,<br><br>      Plaintiff,<br><br>vs.<br><br>St. Paul Fire and Marine Insurance Company; and Top Flite Construction, Inc.,<br><br>      Defendants. | No. CV-05-2729-PHX-DGC<br><br>**ORDER** |

On August 22, 2006, the Court issued an order granting Defendant St. Paul Fire and Marine Insurance Company's motion for summary judgment. Dkt. #61. Defendant has filed a motion for attorneys' fees and a supporting memorandum. Dkt. ##72, 79. Plaintiff has filed a responsive memorandum and Defendant has filed a reply and supplemental memorandum. Dkt. ##81-82, 85. For the reasons set forth below, the Court will grant the motion and award Defendant $60,710.53 in attorneys' fees and non-taxable costs.

**I.  Background.**

On May 11, 2004, Plaintiff and Top Flite Construction ("Top Flite") entered into an equipment rental agreement for Top Flite's rental from Plaintiff of a Lorain Boom Crane ("Crane"). The agreement required Top Flite to obtain insurance covering the value of the

Crane against any loss or damage during the rental period. Top Flite provided Plaintiff with a certificate of insurance that listed Plaintiff as an additional named insured on a Contractor's Equipment Protection Insurance Policy ("Policy") issued to Top Flite by St. Paul Fire and Marine Insurance Company ("St. Paul"). Contrary to what the certificate of insurance provided, Plaintiff was not a named insured on the Policy. On May 20, 2004, the boom section of the Crane was damaged.

Plaintiff commenced this action by filing a complaint in state court on August 9, 2005. St. Paul removed the case to this Court on September 7, 2005. Dkt. ##1-2. Plaintiff filed an amended complaint on February 27, 2006. Dkt. #25. The amended complaint asserted breach of contract claims against both St. Paul and Top Flite and a declaratory judgment claim seeking a declaration that OSHA regulations governing the operation of cranes and derricks required that the boom of the Crane be replaced rather than repaired. *Id.*

In its summary judgment order, the Court concluded that Plaintiff's breach of contract claim against St. Paul failed as a matter of law because there was no privity of contract between Plaintiff and St. Paul on the date the Crane was damaged. Dkt. #61 at 3-4. The Court further concluded that Plaintiff lacked standing to bring a declaratory judgment claim against St. Paul. *Id.* at 6-9. The Court accordingly granted St. Paul's motion for summary judgment, and St. Paul subsequently was dismissed from the case. *Id.* at 9; Dkt. #71.

**II.    St. Paul's Motion for Attorneys' Fees.**

   **A.    Is St. Paul Entitled to an Award of Reasonable Attorneys' Fees?**

St. Paul seeks an award of attorneys' fees under A.R.S. § 12-341.01. Dkt. ##72, 79. Subsections A and B of that statute "grant the trial court discretionary authority to award attorney's fees to successful litigants in contested contract actions." *Associated Indemn. Corp. v. Warner*, 694 P.2d 1181, 1183 n.1 (Ariz. 1985) (en banc). Specifically, subsection A provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A).

Plaintiff argues that a fee award under § 12-341.01(A) is precluded because the Court determined that there was no privity of contract between Plaintiff and St. Paul. Dkt. #81 at 2.

- 2 -

1  This argument lacks merit. "It is well-settled Arizona law . . . that a defendant 'is entitled
2  to [seek] an award of its attorney's fees under § 12-341.01 if the plaintiff is not entitled to
3  recover on the contract on which the action is based, or if the court finds that the contract on
4  which the action is based does not exist.'" *Chevron U.S.A., Inc. v. Schirmer*, 11 F.3d 1473,
5  1480 (9th Cir. 1993) (quoting *Berthot v. Sec. Pac. Bank of Ariz.*, 823 P.2d 1326, 1332 (Ariz.
6  Ct. App. 1991)). Plaintiff specifically alleged in count one of the amended complaint that
7  "St. Paul's actions breached the terms of [an] insurance contract, to whom [Plaintiff was] a
8  named insured." Dkt. #25 ¶ 20. Although the Court ultimately determined that there was no
9  contractual privity between Plaintiff and St. Paul, this action arose "out of a contract" for
10 purposes of § 12-341.01(A). *See Chevron*, 11 F.3d at 1480 (holding that the defendant was
11 entitled to a fee award under § 12-341.01(A) because the plaintiff's complaint alleged the
12 existence of contracts); *Berthot*, 823 P.2d at 1332 (affirming award of attorney's fees under
13 § 12-341.01 where the trial court "impliedly found that there was no contract between the
14 parties").

15 The Arizona Supreme Court has identified several factors to assist courts in
16 determining whether attorneys' fees should be awarded under § 12-341.01(A), including
17 "the merits of the unsuccessful party's claim, whether the claim could have been avoided or
18 settled, whether the successful party's efforts were completely superfluous in achieving the
19 result, whether assessing fees against the unsuccessful party would cause an extreme
20 hardship, whether the successful party did not prevail with respect to all of the relief sought,
21 the novelty of the legal question presented, and whether an award to the prevailing party
22 would discourage other parties with tenable claims from litigating legitimate contract
23 issues[.]" *Uyleman v. D.S. Rentco*, 981 P.2d 1081, 1086 (Ariz. Ct. App. 1999) (citing
24 *Associated Indemn.*, 694 P.2d at 1184); *see Velarde v. PACE Membership Warehouse, Inc.*,
25 105 F.3d 1313, 1319 (9th Cir. 1997) (same).

26 **1.     The Merits of Plaintiff's Claims.**

27 It is undisputed that Plaintiff was not insured under the Policy. Plaintiff nonetheless
28 claimed that St. Paul breached the terms of the Policy and violated OSHA regulations by

1 refusing *Plaintiff's* demand that St. Paul cover the costs to replace the damaged portion of
2 the Crane. Dkt. #25 ¶¶ 6-20, 27-29. As the Court explained in its summary judgment order,
3 Plaintiff's claims lacked merit because there was no privity of contract between Plaintiff and
4 St. Paul. Dkt. #61 at 3-4, 6-9. This factor weighs heavily in St. Paul's favor.

### 2. Settlement and Avoidance of the Claim.

Plaintiff contends that the parties may have been able to settle the case early in the litigation but for St. Paul's request that the Court not order a settlement conference until the Court ruled on St. Paul's summary judgment motion. Dkt. #81 at 4. St. Paul states that it reasonably believed that summary judgment was the only way to resolve the case because negotiations proved acrimonious with Plaintiff adhering to the position that it was entitled to, and would accept nothing less than, full replacement costs. Dkt. #82 at 4. The Court cannot conclude that St. Paul acted unreasonably in seeking to delay the settlement conference given the fact that Plaintiff was not insured under the Policy and thus lacked a valid claim against St. Paul. If anything, Plaintiff acted unreasonably by maintaining its suit against St. Paul once Plaintiff discovered that there was no contractual privity between Plaintiff and St. Paul. This factor favors St. Paul.

### 3. St. Paul's Efforts in Achieving the Result.

Plaintiff contends that St. Paul's efforts in researching and briefing the OSHA issues were completely superfluous in achieving the grant of summary judgment. Dkt. #81 at 4-5. St. Paul correctly notes that this contention is made with the benefit of hindsight. Dkt. #82 at 5. When it drafted its summary judgment motion, St. Paul had no way of knowing which arguments the Court would find persuasive. The fact that St. Paul chose to address Plaintiff's declaratory judgment claim on the merits in its summary judgment motion does not favor a finding that St. Paul is not entitled to an award of attorneys' fees.

### 4. Extreme Hardship.

Plaintiff does not address or present any evidence regarding its ability to pay the requested fee award. Rather, Plaintiff merely asserts that assessing fees against it will cause extreme hardship because it has not been fully compensated for the damaged Crane. Dkt.

- 4 -

#81 at 5-6.  "[T]he party asserting financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship."  *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990).  Because Plaintiff has presented no such evidence, this factor favors St. Paul.  *See id.*

### 5. The Result Achieved by St. Paul.

Plaintiff asks the Court to consider the fact that St. Paul did not prevail with respect to its OSHA arguments.  Dkt. #81 at 6.  Arizona courts have made clear, however, that "where a party has accomplished the result sought in the litigation, fees should be awarded for time spent even on unsuccessful legal theories."  *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 933 (Ariz. Ct. App. 1983); *see City of Cottonwood v. James L. Fann Contracting, Inc.*, 877 P.2d 284, 293 (Ariz. Ct. App. 1994) (citing *China Doll*).  In this case, St. Paul "clearly achieved the result sought in the litigation by obtaining summary judgment[]on all [counts] and, therefore, [was] successful under the *China Doll* standard."  *Orfaly v. Tucson Symphony Soc'y*, 99 P.3d 1030, ¶ 24 (Ariz. Ct. App. 2005); *see Chevron*, 11 F.3d at 1480 ("Since Schirmer has prevailed, both on Chevron's contract claim and on his counterclaim, there is no doubt he is the 'successful party' here, and entitled to reasonable attorneys' fees under section 12-341.01(A).").  This factor favors St. Paul.

### 6. The Novelty of the Legal Questions Presented.

The facts regarding Plaintiff's standing to sue St. Paul were undisputed, and the Court's grant of summary judgment was based on well-settled principles of insurance and contract law.  *See* Dkt. #61.  The parties agree, however, that the OSHA issues were complex and had not previously been adjudicated in this jurisdiction.  Dkt. ##81 at 6, 82 at 7.  This factor favors neither party.

### 7. The Deterrent Effect of a Fee Award.

Plaintiff asserts, without explanation, that a fee award in this case would discourage rental companies from suing insurers that refuse to pay claims "even in cases where the company was actually named as an additional insured under the customer's policy."  Dkt. #81 at 6-7.  The Court cannot conclude that a fee award in this case will discourage "parties

with *tenable* claims from litigating *legitimate* contract issues[.]" *Uyleman*, 981 P.2d at 1086 (emphasis added). If anything, a fee award will discourage the filing of meritless claims. *China Doll*, 673 P.2d at 930.

### 8. Weighing the Factors.

The foregoing factors demonstrate that St. Paul is entitled to an award of attorneys' fees under A.R.S. § 12-341.01(A). *See Velarde*, 105 F.3d at 1320 (concluding that a fee award was appropriate where the adverse party's position lacked merit, the party made no showing of extreme hardship, the moving parties prevailed on all counts, and no improper deterrence of actions would occur); *Orfaly*, 99 P.3d ¶ 21 ("[A]lthough reasonable minds might balance the *Associated Indemnity* factors differently, we cannot say the trial court abused its discretion in granting fees or in awarding the full amounts appellees requested."); *Wilcox v. Waldman,* 744 P.2d 444, 450 (Ariz. Ct. App. 1987) (holding that the trial court did not abuse its discretion in awarding fees even though "certain factors militated against an award of attorney's fees in [the] case").

### B. Is the Amount of Attorneys' Fees Requested by St. Paul Reasonable?

Subsection B of § 12-341.01 "applies once the decision to award attorney's fees has been made[.]" *Associated Indemn.*, 694 P.2d at 1183. That subsection provides that "[t]he award of reasonable attorney's fees . . . should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." A.R.S. § 12-341.01(B).

St. Paul seeks to recover a total of $60,710.53 in attorneys' fees and non-taxable costs, which includes $7,014.38 for briefing the fee award issue. Dkt. ##79 at 12, 85 at 4. In its supporting memorandum, St. Paul addresses the various factors bearing on the reasonableness of the requested fee award identified in Local Rule of Civil Procedure 54.2(c)(3). Dkt. #79 at 7-13. Plaintiff does not address these factors. Nor does Plaintiff challenge the competence of or the hourly billing rates charged by St. Paul's counsel. Rather, Plaintiff contends that St. Paul's counsel spent an inordinate amount of time defending the case and otherwise challenges certain portions of the requested fee award as unreasonable. Dkt. #81 at 7-12.

1    The Court has considered Plaintiff's arguments and finds that they lack merit. The
2    attorneys' fees St. Paul incurred in successfully defending against Plaintiff's claims were
3    reasonable. The Court accordingly will award St. Paul $60,710.53 in attorneys' fees and
4    non-taxable costs. *See* A.R.S. § 12-341.01(B); *China Doll*, 673 P.2d at 932 ("The prevailing
5    party . . . is 'entitled to recover a reasonable attorney's fee for every item of service which,
6    at the time rendered, would have been undertaken by a reasonable and prudent lawyer to
7    advance or protect his client's interest[.]"); *see also* A.R.S. § 12-341 ("The successful party
8    to a civil action shall recover from his adversary all costs expended or incurred therein unless
9    otherwise provided by law."); *Henry v. Cook*, 938 P.2d 91, 93 (Ariz. Ct. App. 1996) (stating
10   that the recovery of costs under § 12-341 "is mandatory and includes all specified items").

### C. Plaintiff's Stay Request.

Plaintiff requested in its response that any fee award in this case be stayed until the remaining claims against Defendant Top Flite are fully and finally adjudicated. Dkt. #81 at 12. Pursuant to the parties' stipulation, the claims against Top Flite were dismissed without prejudice on February 21, 2007. Dkt. ##83-84. The Court accordingly will deny Plaintiff's stay request as moot.

### IT IS ORDERED:

1. Defendant St. Paul Fire and Marine Insurance Company's motion for attorneys' fees and non-taxable costs (Dkt. #72) is **granted**.

2. Defendant St. Paul Fire and Marine Insurance Company is awarded **$60,710.53** in attorneys' fees and non-taxable costs against Plaintiff Mardian Equipment Company.

DATED this 6th day of March, 2007.

David G. Campbell
United States District Judge